UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| EDWARD TUCCIO | : | |
| VS. | : | NO. 3:05CV1407(RNC) |
| STEVEN D. PAPSTEIN | : | OCTOBER 11, 2005 |

**REPORT OF PARTIES' PLANNING MEETING**

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and Local Civil Rule 16, undersigned counsel for the parties conferred on October 11, 2005. The participants were **John R. Williams** for the plaintiff; and **Scott M. Karsten and Nicole D. Dorman** for the defendant.

I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

II.  JURISDICTION

    A.  SUBJECT MATTER JURISDICTION

The basis for the court's subject matter jurisdiction is Sections 1331, 1343(3) and 1367(a) of Title 28 and Sections 1983 and 1988 of Title 42 of the United States Code.

    B.  PERSONAL JURISDICTION

Personal jurisdiction is not contested.

III.  BRIEF DESCRIPTION OF CASE

    A.  CLAIMS OF PLAINTIFF:

The plaintiff is an adult citizen of the United States residing in Ridgefield, Connecticut.  The defendant was and is an officer in the Police Department of Ridgefield, Connecticut.  He is sued only in his individual capacity.  The defendant was acting under color of law, that is, under color of the constitution, statutes, laws, rules, regulations, customs and usages of the State of Connecticut.

On or about January 7, 2003, the defendant prepared an application for a warrant for the arrest of the plaintiff, signed and swore to material portions thereof, and caused the said application to be submitted to a Judge of the Connecticut Superior Court.  At the time of these actions, the defendant knew or should have known that the plaintiff was innocent of wrongdoing and that the charges upon which he sought to arrest the plaintiff were false and unsupportable by the evidence.  In carrying out these actions, the defendant acted intentionally and maliciously or in reckless disregard of the

fact that he was violating the plaintiff's Fourth Amendment rights.  As a result, a judge of the Connecticut Superior Court on January 7, 2003, issued a warrant for the plaintiff's arrest on four counts of Making Derogatory Statements Involving Banks in violation of Section 36a-55 of the Connecticut General Statutes, four counts of Criminal Impersonation in violation of Section 53a-130 of the Connecticut General Statutes, and four counts of Making False or Misleading Statements in violation of Sections 36a-53a and 36aa-57 of the Connecticut General Statutes.  As a further result, the plaintiff was arrested and prosecuted on the said charges.  As a further result, the plaintiff was required to expend funds to obtain the services of an attorney to defend himself against the said false criminal charges, was required to appear in court on many occasions as an accused criminal, was required to endure adverse publicity and public humiliation, and was required to stand trial, before a jury of his peers, facing the possibility of imprisonment, and thereby was caused to suffer emotional distress.

On November 6, 2003, a jury acquitted the plaintiff of all charges.

Had the defendant submitted only truthful and accurate information to the Superior Court Judge who issued the aforesaid arrest warrant, there would not have been probable cause for the plaintiff's arrest and the arrest warrant would not have been issued.  In the manner described above, the defendant violated the plaintiff's right to be free from false arrest and malicious prosecution, which right is secured by the Fourth Amendment to the United States Constitution.

B. DEFENSES AND CLAIMS:

The defendant has not yet had a sufficient opportunity to formulate a response to the complaint.

IV. STATEMENT OF UNDISPUTED FACTS:

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

None at this time.

V. CASE MANAGEMENT PLAN:

A. STANDING ORDER ON SCHEDULING IN CIVIL CASES

The parties request a modification of the deadlines in the Standing Order On Scheduling In Civil Cases as follows:

B. SCHEDULING CONFERENCE WITH THE COURT

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. EARLY SETTLEMENT CONFERENCE

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. The parties prefer a settlement conference with a United States Magistrate Judge.

4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

E. JOINDER OF PARTIES AND AMENDMENT OF PLEADINGS

1. Defendant should be allowed until November 7, 2005, to file a response to the complaint.

F. DISCOVERY

1. The parties anticipate that discovery will be needed on the following subjects: All of the plaintiff's claims, all of the affirmative allegations of the defense, prior history of the parties, damages.

2. All discovery, including depositions of expert witnesses pursuant to Fed. R. Civ. P. 26(b)94), will be commenced immediately, and completed by July 1, 2006.

3. Discovery will not be conducted in phases.

4. The parties anticipate that the plaintiff will require a total of ten depositions of fact witnesses and the defendant will require a total of five depositions of fact witnesses. The depositions will commence immediately, and be completed by July 1, 2006.

5. The parties may request permission to serve more than twenty-five interrogatories.

6. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 1, 2006, a date not later than three months before the deadline for completing all discovery. Depositions of any such experts will be completed by May 1, 2006, a date not later than two months before the deadline for completing all discovery.

7. Defendant will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by June 1, 2006, a date not later than one month before the deadline for completing all discovery. Depositions of such experts will be completed by July 1, 2006, a date not later than the discovery cutoff date.

8. A damages analysis will be provided by any party who has a claim or counterclaim for damages by April 1, 2006.

G. DISPOSITIVE MOTIONS:

Dispositive motions will be filed on or before August 1, 2006.

H. JOINT TRIAL MEMORANDUM

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed by September 1, 2006, or thirty days after this court rules on any summary judgment motion filed by the defendants, whichever is later.

IV.  TRIAL READINESS

The case will be ready for trial by October 1, 2006, or thirty days after the joint trial memorandum is filed, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

THE PLAINTIFF

BY:_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203.562.9931
Fax:  203.776.9494
E-Mail: jrw@johnrwilliams.com
His Attorney

THE DEFENDANT

BY:_____
SCOTT M. KARSTEN (ct05277)
NICOLE D. DORMAN (ct07030)
29 South Main Street
West Hartford, CT 06107
860.521.4800
Fax: 860.521.7500
E-Mails:
skarsten@karstendorman.com
ndorman@karstendorman.com
His Attorneys